IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS WHITE,<br><br>      Petitioner,<br><br>v.<br><br>SANDRA WALKER, ARIZONA ATTORNEY GENERAL,<br><br>      Respondents. | CIV 10-02495 PHX PGR (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Petitioner filed this action on November 17, 2010. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on March 17, 2010. See Doc. 13. Petitioner filed a reply to the answer on or about April 1, 2011. See Doc. 14.

**I Background**

On March 31, 2005, Petitioner was charged by indictment with four counts arising out of a "hit and run" accident that resulted in the death of an individual on or about September 1, 2004, in Coolidge, Arizona. See Answer, Exh. A. The indictment charged Petitioner with second-degree murder, leaving the scene of an accident, aggravated DUI (driving under the influence) with a suspended driver license, and aggravated DUI while impaired with a drug metabolite (cocaine). Id., Exh. A. The

state had previously charged Petitioner, on September 9, 2004, with manslaughter and leaving the scene of an accident. Id., Exh. B. (CR2004-01248 Indictment). Those charges were dismissed on May 6, 2005, after the state obtained the new indictment against Petitioner. Id., Exh. C.

The state later further amended the indictment to allege six prior convictions as historical prior felony convictions, pursuant to Arizona Revised Statutes Annotated § 13-604(D), and to reflect Petitioner committed the offenses while released from confinement, pursuant to Arizona Revised Statutes Annotated § 13-604(R), and to allege aggravating circumstances other than prior convictions, pursuant to Arizona Revised Statutes Annotated § 13-702(C). Id., Exh. D.

On May 23, 2006, Petitioner entered into a plea agreement with the state. Id., Exh. G. Petitioner agreed to plead guilty to manslaughter with two prior felony convictions, and also agreed to a stipulated sentence of 18 years imprisonment. Id., Exh. G. In exchange for Petitioner's guilty plea to the top count of the indictment, the state agreed to dismiss all other charges in the indictment, and also agreed to dismiss an indictment in Pinal County Cause Number CR 2004-00476, for destruction of jail property. Id., Exh. G.

On May 30, 2006, Petitioner sent a letter to the state trial court asserting that he failed to understand how the state could offer him a plea of 18 years for manslaughter when it had earlier offered him a plea offer of 18 years on two separate cause numbers. Id., Exh. H. Petitioner also indicated that the

-2-

two priors referenced in the plea agreement did not constitute historical prior felony convictions. Id., Exh. H.

On June 26, 2006, the trial court imposed the stipulated 18-year sentence. Id., Exh. I. On September 6, 2006, Petitioner filed a notice of post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. The state trial court appointed counsel to represent Petitioner in his Rule 32 proceedings on October 11, 2006. Id., Exh. J. On December 26, 2006, Petitioner's appointed counsel notified the trial court that she could find no colorable claim to raise on Petitioner's behalf. Id., Exh. K. Petitioner filed a pro se petition on May 3, 2007. In his pro se brief Petitioner asserted that a 1990 conviction for criminal trespass was improperly used to enhance his sentence. Petitioner argued that he would have received a lesser sentence if sentenced with only one prior conviction and that his counsel was ineffective for encouraging him to accept a plea agreement with this error. Id., Exh. L. Petitioner argued his counsel was unconstitutionally ineffective and that his sentence violated his right to be free of cruel and unusual punishment. Id., Exh. L at 9.

The trial court denied relief and dismissed Petitioner's Rule 32 action in a decision entered October 5, 2007. Id., Exh. C. Nonetheless, on November 30, 2007, Petitioner filed a motion for enlargement of time to file a reply to the State's response to his petition for Rule 32 relief. Id., Exh. P. On December 14, 2007, the trial court

-3-

notified Petitioner that it had ruled in his Rule 32 action on October 5, 2007. Id., Exh. C.

On December 22, 2009, Petitioner filed a request for preparation of records in his Rule 32 action and indicated that he had not received the trial court's ruling on his petition for post-conviction relief. Id., Exh. Q. On January 6, 2010, the trial court advised Petitioner that it had ruled on the PCR on October 5, 2007. Id., Exh. C.

On January 25, 2010, Petitioner filed a second notice of post-conviction relief. Id., Exh. S. The trial court dismissed the notice on grounds of successiveness. Id., Exh. C. The trial court later vacated the order dismissing the 2010 notice, accepted as true Petitioner's assertions that he had not been served with the 2007 order dismissing his first Rule 32 proceedings, and again ruled that Petitioner had failed to present colorable claims for relief. Id., Exh. C.

Petitioner sought review of the trial court's denial of relief and on October 27, 2010, the Arizona Court of Appeals denied relief. Id., Exh. V.

In his federal habeas petition Petitioner asserts he is entitled to relief because he was improperly sentenced as a twice-convicted repetitive offender. Petitioner contends that, because his criminal history only supports conviction as a first-time repetitive offender, sentencing him pursuant to a state statute applicable to someone with two prior convictions violated his right to due process of law. Petitioner also contends he was denied his right to the effective assistance of

-4-

1  counsel because his trial counsel failed to advise him that one
2  of the two priors designated as a "historical prior felony
3  conviction" could not properly be classified as a prior felony.
4       Respondents contend Petitioner's first claim for relief
5  was not properly exhausted and that it does not state a
6  cognizable habeas claim.  Respondents also argue that the state
7  court did not err in determining that Petitioner was not denied
8  his right to the effective assistance of counsel.

**II Analysis**

**Petitioner asserts that his right to due process of law was violated because a 1990 conviction for trespassing was used as a prior historical felony with regard to his sentence.**

Respondents contend that the Court may not grant relief on this claim because Plaintiff failed to properly exhaust it in the state courts and because Plaintiff has not shown cause for, nor prejudice arising from this default.  Respondents also assert that this is not a claim cognizable in an action pursuant to section 2254.

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991).  Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

-5-

applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2009). Accordingly, the Court may deny habeas relief on the merits of a claim regardless of the petitioner's failure to exhaust the claim.

A federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Wilson v. Corcoran, 131 S. Ct. 13, 15 (2010), quoting 28 U.S.C. § 2254(a) (1994 & Supp. 2010). See also Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011); Engle v. Isaac, 456 U.S. 107, 119, 102 S. Ct. 1558, 1567 (1982). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 479-80 (1991), quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990).

Federal habeas relief is not available for alleged errors in the interpretation or application of state law, including a state's statutes regarding imposition of sentences. See Estelle, 502 U.S. at 67-68, 112 S. Ct. at 480; Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Federal habeas relief must be predicated on a violation of the United States Constitution or a federal statute; to be entitled to habeas relief based on an error of state law, the state court's decision must be so fundamentally unfair or unjust as to violate due process, a condition rarely satisfied. See Pulley v. Harris, 465 U.S. 37, 41-42, 104 S. Ct. 871, 874-75 (1984). "[A]

-6-

mere violation of state law is not the automatic equivalent of a violation of the federal Constitution." Chambers v. Bowersox, 157 F.3d 560, 564 (8th Cir. 1998) (citation omitted).

To the extent that Petitioner is requesting habeas relief on the basis of the trial court's violation or misapplication of Arizona statutes in and of themselves, "he fails to state a basis for federal habeas relief because 'alleged errors in the application of state law are not cognizable in federal habeas corpus.'" Moor v. Palmer, 603 F.3d 658, 661 (9th Cir.), cert. denied, 131 S. Ct. 1369 (2010), quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

To the extent that Petitioner asserts his sentence violated his right to due process because it was improper pursuant to Arizona statutory law, Petitioner has not stated a claim for federal habeas relief. See Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). Although Petitioner asserts that his right to due process was violated because the state allegedly did not follow its sentencing statutes, the characterization of this claim in this fashion does not render it cognizable on federal habeas review. See Cacoperdo v. Demonsthenes, 37 F.3d 504, 507 (9th Cir. 1994); Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir. 2002).

1 **Petitioner asserts that he was denied his right to the**
2 **effective assistance of counsel because his attorney failed to**
3 **assert or inform Petitioner that one of the historical prior**
4 **convictions alleged by the state and used to "enhance" his**
5 **sentence could not properly be classified as a prior felony.**

6 Respondents allow that Petitioner exhausted this claim
7 in the state courts and that the state courts' decision denying
8 relief on this claim was neither contrary to nor an unreasonable
9 application of federal law.

10 The Court may not grant a writ of habeas corpus to a
11 state prisoner on a claim adjudicated on the merits in state
12 court proceedings unless the state court reached a decision
13 contrary to clearly established federal law, or one involving an
14 unreasonable application of clearly established federal law, or
15 unless the state court's decision was based on an unreasonable
16 determination of the facts in light of the evidence presented in
17 the state proceeding. See 28 U.S.C. § 2254(d) (1994 & Supp.
18 2010); Carey v. Musladin, 549 U.S. 70, 74-75, 127 S. Ct. 649,
19 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir.
20 2009).

21 A state court decision is contrary to federal law if it
22 applied a rule contradicting the governing law of Supreme Court
23 opinions, or if it confronts a set of facts that is materially
24 indistinguishable from a decision of the Supreme Court but
25 reaches a different result. See Yarborough v. Alvarado, 541
26 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004); Brown v. Payton,
27 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); Williams v.

-8-

1  <u>Taylor</u>, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519 (2000). For example, a state court's decision is considered "contrary to federal law" if the state court erroneously applied the wrong standard of review or an incorrect test to a claim. See <u>Knowles v. Mirzayance</u>, 129 S. Ct. 1411, 1419 (2009); <u>Wright v. Van Patten</u>, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-47 (2008).

"A state determination may be set aside under ["unreasonable application"] standard if, under clearly established federal law, the state court was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled." <u>Ramdass v. Angelone</u>, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered *objectively unreasonable*. <u>Williams</u>, 529 U.S. at 409, 120 S. Ct. at 1521; <u>Carey</u>, 549 U.S. at 74-75, 127 S. Ct. at 653. An unreasonable application of law is different from an incorrect one. See <u>Bell v. Cone</u>, 535 U.S. 685, 694, 122 S. Ct. 1843, 1850 (2002); <u>Cooks v. Newland</u>, 395 F.3d 1077, 1080 (9th Cir. 2005). Furthermore, only United States Supreme Court holdings, and not dicta or concurring opinions, at the time of the state court's decision are the source of "clearly established federal law" for the purpose of the "unreasonable application" prong of federal habeas review. <u>Williams</u>, 529 U.S. at 412, 120 S. Ct. at 1523; <u>Carey</u>, 549 U.S. at 74, 127 S. Ct. at 653. Unless United States Supreme Court precedent has clearly established a rule of law, the writ will not issue based on a

1  claimed violation of that rule, see Alvarado v. Hill, 252 F.3d
2  1066, 1069 (9th Cir. 2001), because federal courts are "without
3  the power" to extend the law beyond Supreme Court precedent.
4  See Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000).

5        To state a claim for ineffective assistance of counsel,
6  a petitioner must show that his attorney's performance was
7  deficient and that the deficiency prejudiced the petitioner's
8  defense.  See Strickland v. Washington, 466 U.S. 668, 687, 104
9  S. Ct. 2052, 2064 (1984).  The petitioner must overcome the
10 strong presumption that counsel's conduct was within the range
11 of reasonable professional assistance required of attorneys in
12 that circumstance.  See id.

13       To prevail on the merits of a habeas claim of
14 ineffective assistance of counsel, "it is the habeas applicant's
15 burden to show that the state court applied Strickland to the
16 facts of his case in an objectively unreasonable manner.  An
17 unreasonable application of federal law is different from an
18 incorrect application of federal law."  Woodford, 537 U.S. at
19 25, 123 S. Ct. at 360 (internal quotations omitted).  "A fair
20 assessment of attorney performance requires that every effort be
21 made to eliminate the distorting effects of hindsight, to
22 reconstruct the circumstances of counsel's challenged conduct,
23 and to evaluate the conduct from counsel's perspective at the
24 time."  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

25       Ineffective assistance of counsel claims in the context
26 of cases wherein the defendant did not go to trial are governed
27 by the doctrine of Strickland.  See, e.g., Hill v. Lockhart, 474
28

-10-

U.S. 52, 57, 106 S. Ct. 366, 369-70 (1985); <u>Fields v. Attorney General</u>, 956 F.2d 1290, 1296-97 (4th Cir. 1992). When a defendant challenges a conviction resulting from a plea agreement the "prejudice" prong of the <u>Strickland</u> test is modified; the defendant must show there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty to the charges against him, but instead would have insisted on going to trial. <u>See</u> <u>Hill</u>, 474 U.S. at 59, 106 S. Ct. at 370. <u>Accord</u> <u>Fields</u>, 956 F.2d at 1297.

To succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. <u>Hill</u>, 474 U.S. at 58, 106 S. Ct. at 370.

> "[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer." In <u>McMann v. Richardson</u>, the seminal decision on ineffectiveness of counsel in plea situations, the Court described the question as not whether "counsel's advice [was] right or wrong, but ... whether that advice was within the range of competence demanded of attorneys in criminal cases." <u>McMann</u>, 397 U.S. at 771. Thus, for the petitioner to establish a claim of ineffective assistance, he "must demonstrate gross error on the part of counsel...." <u>Id.</u> at 772. The Third Circuit has interpreted this standard as requiring a defendant to demonstrate that the advice he received was so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the plea offer.

<u>Turner v. Calderon</u>, 281 F.3d 851, 880 (9th Cir. 2002) (some

-11-

internal citations and quotations omitted).

Additionally, "[c]onclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994). See also Strickland, 466 U.S. at 690 (a petitioner "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment").

Petitioner has not established that his counsel's advice to accept the plea agreement and to accept a stipulated sentence of 18 years imprisonment was so incorrect and so insufficient that it undermined Petitioner's ability to make an intelligent decision about whether to accept the plea offer. The state alleged six prior felony convictions, and that Petitioner committed the offense charged while on release, and that there were aggravating circumstances other than prior felony convictions. Additionally, Petitioner was charged with three counts that were dismissed pursuant to the plea agreement. Other than his conclusory statements, Petitioner offers no evidence that, had his counsel not failed to identify one of the two prior felonies to which Petitioner acquiesced as not eligible for that designation, he would have chosen to go to trial on all of the counts against him and face an even greater sentence.

**III Conclusion**

The state's alleged failure to sentence Petitioner in conformity with the state's sentencing statutes does not state

a cognizable claim for habeas relief. Additionally, the state court's decision that Petitioner was not denied the effective assistance of counsel was not clearly contrary to nor an unreasonable application of federal law.

**IT IS THEREFORE RECOMMENDED that** Mr. White's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114,

1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).[1]

DATED this 7th day of April, 2011.

_____
Mark E. Aspey
United States Magistrate Judge

---

[1]
A habeas petitioner's assertion of a claim must make a substantial showing of the denial of a constitutional right." Doe v. Woodford, 508 F.3d 563, 567 (9th Cir. 2007) (per curiam) (quoting Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999) (internal quotation marks omitted)). To make this showing, [the petitioner] "must demonstrate that the issues are debatable among jurists of reason;  that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, [] (1983) ...
Mendez v. Knowles, 556 F.3d 757, 770-71 (9th Cir.), cert. denied, 130 S. Ct. 509 (2009).