**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas White, | |
|         Petitioner, | No. CV-10-2495-PHX-PGR (MEA) |
|    vs. | |
| Sandra Walker, et al., | ORDER |
|         Respondents. | |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Aspey in light of the petitioner's Objection to R & R (Doc. 16), the Court concludes that the petitioner's objections should be overruled and that the Magistrate Judge correctly determined that the petitioner's petition for a writ of habeas corpus, timely filed pursuant to 28 U.S.C. § 2254, should be dismissed.[1]

---

[1] As a result of a hit and run vehicular accident resulting in a pedestrian's death, the petitioner was charged with four felonies: second-degree murder, two counts of aggravated DUI, and leaving the scene of an accident; various aggravating circumstances were also alleged in his indictment, including in part that he committed the offenses while released from confinement and that he had six prior felony convictions.  The petitioner was sentenced pursuant to a plea agreement whereby he pleaded guilty to reckless manslaughter with two historical prior felony convictions and accepted a stipulated sentence of 18 years of incarceration.

1    First, the Court agrees with the Magistrate Judge that the petitioner's first

2  ground for habeas relief, *i.e.*, that his right to due process was violated because

3  he was sentenced as a twice-convicted repetitive offender notwithstanding that

4  one of the two prior felony convictions used to enhance his sentence was too old

5  under state law to be used as a  prior felony conviction for sentencing purposes,

6  is not a claim cognizable on a petition for federal habeas relief as it involves only

7  an alleged state court error regarding the interpretation or application of a state

8  law regarding the imposition of sentence.[2]

9    Second, the Court further agrees with the Magistrate Judge that the

10  petitioner's second ground for habeas relief, *i.e.*, that he was denied the right to

11  the effective assistance of counsel because his attorney failed to inform him that

12  one of the historical prior convictions used to enhance his sentence could not

13  properly have been classified as a prior felony under state law due to its age, is

14  meritless because the state court's decision that the petitioner was not denied

15  effective assistance of counsel was not clearly contrary to or an unreasonable

16  application of federal law.  As the Magistrate Judge properly concluded, the

17  petitioner has not established that had he known about the alleged prior

18  conviction issue he would have chosen to forgo the plea agreement and would

---

[2]

The Arizona Court of Appeals rejected the petitioner's argument as to the staleness of his prior convictions for sentencing enhancement purposes on the ground that his 1990 conviction for criminal trespass, which the petitioner argued was too old to be a historical prior under state law, was his fourth or fifth felony conviction and the pertinent state law provided in part that a historical prior felony conviction included any felony conviction (regardless of age) that was a third or more prior felony conviction.

have gone to trial on the indictment and risked an even greater sentence.[3] Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 15) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is not authorized to appeal *in forma pauperis* because the petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 19th day of April, 2011.

Paul G. Rosenblatt
United States District Judge

---

[3]

It appears from the petitioner's petition that the relief he is seeking is limited to being resentenced as a repetitive offender with just one historical prior felony conviction.

- 3 -